**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**LYLE RYMAN,**

    **Petitioner,**

**vs.**                                                          **Case No. 5:05cv184-RH/WCS**

**JOSE BARRON, WARDEN,**

    **Respondent.**
    _____/

## REPORT AND RECOMMENDATION ON § 2241 PETITION

Petitioner filed a form application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a document titled "judicial notice," and a supporting memorandum of law. Docs. 1, 2 and 3. The Government filed a response with exhibits. Doc. 12.[1] Petitioner filed a reply. Doc. 13.

Petitioner filed a change of address, giving a post office box in Indiana. Doc. 14. Most recently, Petitioner filed a request advising the court that his case has been fully briefed and ready for ruling for 90 days. Doc. 15. According to the website for the

---

[1] The answer was electronically docketed as doc. 12-1. Exhibits 1 through 6 were docketed as docs. 12-2 through 12-7, respectively. Unless otherwise noted, references to numbered exhibits are to these documents.

Bureau of Prisons (BOP), Petitioner is in BOP custody at CCM Detroit, with a projected release date of July 31, 2006.

In his § 2241 petition, Petitioner challenges the determination that he is ineligible under 18 U.S.C. § 3621(e) for early release. He asserts that this decision was made after he had been deemed eligible and had already started the Residential Drug Treatment Program, and that it was wrongfully based on a charge, obstruction of justice, of which he was acquitted. Doc. 3, pp. 1-7. Petitioner seeks waiver of the requirement that he exhaust administrative remedies. *Id.*, p. 3. He asked for an emergency hearing due to his graduation from the treatment program on November 10, 2005, doc. 2, but the request was denied. Doc. 7.

**Background**

In 1997, Petitioner was convicted in the Southern District of Florida for conspiracy to obstruct justice, false declarations before a grand jury, influencing a grand jury, and false statements, a total of eight counts. Doc. 12, p. 2; Ex. 3 (judgment), pp. 1-2. He was acquitted of count five. *Id.*, p. 1. Petitioner filed a copy of the judgment, along with the charge in count five. Doc. 3, Att. 1.[2] Count five charged that Petitioner, Lucy Khavandegaran, and others "solicited the assistance of Khavandegaran's nephew to shoot a firearm into, and to leave a threatening note on, an automobile owned by Ryman's estranged wife in an effort to convince her not to cooperate with federal

---

[2] Petitioner's memorandum of law was electronically filed as doc. 3-1, but the various exhibits (identified by Petitioner as "Attached 1" through "Attached 7") were each electronically filed as doc. 3. References to Att. followed by a number are to these attachments as numbered by Petitioner.

investigators in an ongoing federal grand jury investigation, in violation of Title 18, United States Code, Sections 1512 and 2."  *Id.*, p. 2.

Pursuant to a "notice of residential drug abuse program qualification and provisional 3621(e) eligibility" dated November 5, 2003, Petitioner was advised that he appeared eligible for the residential drug abuse treatment program (RDAP) and early release consideration pursuant to 18 U.S.C. § 3621(e).[3]  Att. 2.  Petitioner signed his name under the statement that "I understand that a determination of early release for me is <u>provisional, may change,</u> and depends on continued positive behavior and successful participation in all components of the program, including community transitional services."  *Id.*, (emphasis in original).

Petitioner was later found ineligible for a reduction under § 3621(e).  A response dated July 14, 2005, to his Administrative Remedy request of June 29, 2005, explained:

> Investigation into this matter reveals that although you were not found guilty of the 1512(b) charge, a finding of guilt for that charge is not necessary for a conspiracy conviction to be based on the underlying offense conduct associated with tampering with a witness.  Information received from legal counsel indicates that your underlying offense concerning the Obstruction of Justice conviction was indeed a conspiracy to influence, by threats and violence, a witness in a federal court.  Institution staff rely on legal counsel in cases such as this and the current legal counsel opinion is that in your case, the underlying offense does disqualify you from receipt of the 18 U.S.C. 3621(e) sentence reduction.

---

[3] If an inmate completes a drug and alcohol treatment program authorized under 18 U.S.C. § 3621(e):

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

§3621(e)(2)(B).  Thus, section 3621(e)(2)(B) provides an incentive for inmates to enroll in and complete the treatment program.

Case No. 5:05cv184-RH/WCS

Att. 4. Petitioner was advised of his right to appeal to the Southeast Regional Director, and that his appeal must be received in the Regional Director's office at the address provided within 20 calendar days. *Id.*

A rejection notice dated August 1, 2005, advised Petitioner that his regional appeal was rejected and returned to him for failure to submit the proper number of continuation pages. Att. 5. Petitioner was advised that the appeal could be re-submitted within ten days. *Id.* There is a handwritten notation that this was "received [and] handed to Ryman on 8/23/05 @ 10:30 a.m.," beyond the ten day period for resubmitting the appeal. *Id*.

Petitioner filed a Regional Administrative Remedy Appeal which was received on August 29, 2005. Ex. 5 (response to that appeal), p. 1. The response of October 19, 2005, summarized his arguments:

> . . . You state the Drug Abuse Program (DAP) Coordinator at your Institution denied your eligibility based on your conviction for Obstruction of Justice. You assert the DAP Coordinator failed to inform the Regional Counsel you had been found not guilty of violating 18 U.S.C. § 1512(b). You also assert the underlying offense of a conspiracy conviction must be an offense you were convicted of to preclude eligibility, and since you were not convicted of an offense under § 1512(b), your conspiracy conviction (under 18 U.S.C. § 371) cannot support a denial of eligibility. Finally, you assert the Court did not impose additional points for a Specific Offense Characteristic (SOC) because it found no violence in connection with your offense. You request your status be changed to reflect you are eligible for early release consideration.

*Id.*

The response further explained that while in December of 2003 Petitioner had been found eligible, in June of 2005 the DAP Coordinator was concerned about

eligibility and the determination was revisited.  *Id.*  Petitioner was found ineligible under BOP Program Statement 5162.04(7)(c).  *Id.*

> You were convicted of committing a violation of 18 U.S.C. § 371, and other crimes.  Your Judgment in a Criminal Case identifies the § 371 conviction as "Conspiracy to obstruct justice."  Paragraph 24 of your Presentence Investigation Report (PSI) contains a statement which says "[t]he adjusted offense level for the underlying offense, a violation of 18 U.S.C. § 1956(g) [[citation omitted]] is 34."  The initial eligibility determination took this statement to mean the crime you conspired to commit would be a violation of § 1956(g), and this was the statute which supported the § 371 conviction.  That was a mistake. . . .  When the second review detected the mistake, further information to identify the specific criminal statute underlying your § 371 conviction was sought.  The PSI indicated that conviction was Count One of the indictment, so information regarding the charging language of the indictment was obtained.  Review indicates you were charged in the § 371 conspiracy offense based on your conspiring to violate 18 U.S.C. § 1503 and § 1512.
>
> Section 7, d, of P.S. 52162.04 [sic, should be 5162.04], lists a conspiracy conviction under § 371 as an offense that may or may not prelude [sic, presumably preclude] an inmate from receiving various Bureau program benefits.  Staff are to examine the offense underlying the conspiracy conviction (what the defendant was conspiring to do) and **"[i]f the underlying offense would preclude** the inmate from receiving certain Bureau program benefits **based on any other portions of Section 7 of this policy, the conspiracy or the attempt offense shall also preclude** the inmate from receiving the same benefits."  <u>See</u> P.S. 5162.04, Page 17 (emphasis added).  The program statement contains no requirement for a conviction on a violation of the statute underlying the conspiracy conviction for the provisions of the program statement to apply.  (That would eviscerate the reasons for consideration of any conspiracy charge, as the determinative factor would then be merely whether there was a conviction on the underlying offense.)

*Id.*, pp. 1-2 ("[[citation omitted]]" in original).  *See also* Att. 7 (copy of Program Statement 5162.04 provided by Petitioner), pp. 15-18.[4]

---

[4] As reflected there, certain listed offenses may (or may not) preclude eligibility, and "case managers must carefully examine the entire Offense Computation section of the PSI and, if necessary, the Offense Conduct section to determine if the offense would preclude an inmate's receiving certain Bureau program benefits based on whether the offense satisfies the standard listed in the introductory portion of Section 7."

The response noted that a § 1503 offense precludes eligibility if there was a sentence enhancement for use of force, but in his case the court did not impose an SOC (Specific Offense Characteristic) for use of force. Ex. 5, p. 2, citing ¶ 25 of the PSI. A § 1512(b) offense *may* preclude eligibility, and staff must review the PSI to see if it did, "based on whether the offense satisfies the standard listed in the introductory portion of Section 7." *Id.*, p. 2, citing P.S. 5262.04 (presumably 5162.04), p. 15. A check with the prosecutor revealed that the statute underlying the § 371 conviction was § 1512(b), so to determine eligibility the offense conduct would be assessed by the standard at P.S. 5162.04, p. 9. *Id.*

> The PSI reflects your offense conduct included using another person to solicit someone to shoot into a witness's car, and the home where the witness and her family resided, to intimidate the witness into not providing evidence which would reveal your false grand jury testimony. This obviously is an offense which "by its nature of conduct, presents a serious potential risk of physical force against the person or property of another." Indeed, Paragraphs 13-15, and 18, of the Offense Conduct section of your PSI strongly support a conclusion the only reason [a] crime involving use of force did not actually result from this solicitation is the person solicited refused to commit the crime. (Although the Indictment indicates on two occasions someone did commit such crimes.)

*Id.*

The response acknowledged that the initial eligibility determination was mistaken, which was unfortunate. *Id.*, p. 3. "We apologize for the inconvenience caused you by

---

Att. 7, p. 15. A conspiracy or attempt offense is treated the same as the underlying offense (*i.e.,* what the defendant was conspiring or attempting to do) for purposes of eligibility. *Id.*, p. 17. An offense under § 1512(b) might (or might not) preclude eligibility upon examination of a PSI, and a § 371 conspiracy based on that underlying offense would be treated the same way. *Id.*, pp. 16-17. Petitioner continues to argue that he had to be convicted of the underlying offense for the conspiracy, doc. 13, pp. 3-5, but this is contradicted by the Program Statement, and fails to take into account the BOP's discretion (discussed ahead).

Case No. 5:05cv184-RH/WCS

this error, but staff cannot ignore that you are actually not eligible for early release consideration."  *Id.*  Petitioner was advised of the right to appeal to the Office of General Counsel at the address provided within 30 calendar days.  *Id.*

Petitioner filed an appeal to the Office of General Counsel on October 24, 2005, but it was not accepted as he did not include the second page of the response.  Ex. 2, p. 2; Ex. 6, p. 2.  Petitioner filed this § 2241 petition on August 31, 2005 (the date of his signature).

**Legal Analysis**

The Government asserts that Petitioner did not exhaust his administrative remedies, and that failure to exhaust is jurisdictional.  Doc. 12, pp. 4-7.  Respondent nonetheless submits that the case should be decided on the merits as exhaustion would not likely make any difference.  *Id.*, p. 7.

"An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [at the institution, to the regional director, and the general counsel].  The appeal to the office of the general counsel is the final administrative appeal provided by the BOP."  Irwin v. Hawk, 40 F.3d 347, 349, and n. 2 (11th Cir. 1994), *cert. denied*, 516 U.S. 835 (1995). (citations omitted).[5]  Prisoners seeking habeas corpus relief under § 2241 must exhaust administrative remedies, and the exhaustion requirement is jurisdictional.  Gonzalez v. United States, 959 F.2d 211,

---

[5] In the context of a civil rights action against federal actors rather than a § 2241 petition, the court in Irwin held that exhaustion was required where the inmate sought both monetary and injunctive relief.  *Id.*, at 348-349 (citations omitted).  Exhaustion in prisoner civil rights actions, even those seeking only damages, is now required by the Prison Litigation Reform Act (PLRA) of 1996.  *See, e.g.*, Alexander v. Hawk, 159 F.3d 1321, 1323 and n. 4 (11th Cir. 1998) (citing Irwin and discussing the PLRA, other citations omitted).

Case No. 5:05cv184-RH/WCS

212 (11th Cir. 1992) (citation omitted); Winck v. England, 327 F.3d 1296, 1300, n. 1 (11th Cir. 2003) (citing Gonzalez); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied,* 541 U.S. 1036 (2004).[6]  "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.' "  327 F.3d at 1300, n. 1 (citations omitted).

The fact that relief will not likely be granted through the administrative process, or that the inmate's release date already passed, does not excuse exhaustion.  Irwin, 40 F.3d at 349 (rejecting futility argument even if denial of relief by the BOP is the likeliest outcome); Winck, 327 F.3d at 1306 (rejecting argument that outcome of administrative procedure would be biased and predetermined); Gonzalez, 959 F.2d at 212 (rejecting argument that petitioner need not exhaust remedies since his presumptive release date already passed).

If Petitioner failed to exhaust and exhaustion is jurisdictional, then the court has no authority to waive the requirement and the petition should be dismissed on that basis.  Given Petitioner's attempts to exhaust, the late receipt of the notice that his final appeal was defective, and the Government's submission that the court should address the merits, doc. 12, pp. 4-7, the court addresses the merits in the alternative.

Petitioner is not entitled to relief on the merits.  Section 3621(e)(2)(B) provides that the BOP *may* reduce a sentence upon successful completion of an RDAP.

---

[6] In Skinner, the court was presented with "whether, despite the PLRA's inapplicability to habeas petitions, a prisoner is still required to exhaust his administrative remedies in all cases." *Id.*, at 1295, *citing* Gonzalez and Irwin. Noting other circuits had consistently required exhaustion of administrative remedies, the court held that § 2241 petitions "are subject to administrative exhaustion requirements." *Id.*, (collecting cases).  Because remedies were not exhausted, the court did not address the merits.  *Id.*

Contrasting the "use of the permissive 'may' in § 3621(e)(2)(B)," with the use of "shall" elsewhere in the statute, "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, . . . to reduce his term of imprisonment." Lopez v. Davis, 531 U.S. 230, 241, 121 S.Ct. 714, 722, 148 L.Ed.2d 635 (2001). The Court in Lopez found that the BOP may categorically exclude prisoners from eligibility based on pre-conviction conduct, and found the regulation at issue there – excluding all prisoners whose offense was attended by carrying, possession, or use of a firearm – was permissible. *Id.*, at 244, 121 S.Ct. at 724.

Here, Petitioner was not automatically precluded from eligibility. He was deemed ineligible upon review of the specific characteristics of his offense and his PSI. The discretion to make this decision was vested in the BOP by § 3621(e)(2)(B). *See also* Lopez, 531 U.S. at 239-240, 121 S.Ct. at 721-722 (agreeing with the argument that even if the prerequisites of § 3621(e)(2)(B) are met, "the Bureau 'may,' but also may *not*, grant early release.") (emphasis in original).

Petitioner's due process claim is also without merit. The initial eligibility determination was expressly provisional. Moreover, Petitioner had no liberty interest entitled to due process protection in obtaining a sentence reduction. "Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest." Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000) (citations omitted).

> Not only is section 3621(e)(2)(B) written in nonmandatory language, but denial of the one year reduction doesn't "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." In fact, denial merely means that the inmate will have to serve out his sentence as expected.

McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir.1999), *cert. denied*, 528 U.S. 1086 (2000), *quoting* Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (other citation omitted).

Petitioner also had no liberty interest based on the erroneous determination that he was provisionally eligible for early release. Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000) (citations omitted). In Zacher, the court found no due process violation even where the BOP three times reversed its provisional eligibility determination under § 3621(e). *Id.*, at 1042-1045. The court held that the prisoner there "gained no legally protected interest in an erroneous misapplication of the Bureau's regulations, and therefore, the Bureau's correction of its error cannot violate the Due Process clause." *Id.*, at 1045.

It is therefore respectfully **RECOMMENDED** that this § 2241 petition (doc. 1) be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on June 8, 2006.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**